In the Matter of the Claim of the COMMISSIONER OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, on Account of the Death of ARNOLD BOYD, Respondent, against BARNARD BAKE SHOPS et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 10, 1948.

*Bernard Katzen, General Attorney of State Insurance Fund (George J. Hayes and Victor Fiddler of counsel), for appellants.*

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum and Theodore M. Schwartz, Assistant Attorneys-General of counsel), for the Workmen's Compensation Board, respondent.*

FOSTER, J.   The sole issue on this appeal by the employer and insurance carrier is the propriety of an award in the sum of $500, directed to be paid to a special fund created under former subdivision 8 of section 15 of the Workmen's Compensation Law (L. 1916, ch. 622, L. 1922, ch. 615).

The facts are conceded.  On May 31, 1930, one Arnold Boyd sustained accidental injuries arising out of and in the course of his employment which resulted in his death on July 19, 1946. He left him surviving no persons entitled to compensation, and hence an award was made directing payments to various funds, among them the special fund provided for in former subdivision 8 of section 15 of the Workmen's Compensation Law.  At the time of the accident and prior to April 19, 1945, that subdivision read in part: " 8. Permanent total disability after permanent partial disability.  *  *  *  The employer, or if insured, his insurance carrier, shall pay into such special fund for every case of injury causing death in which there are no persons entitled to compensation the sum of five hundred dollars.  *  *  * " (L. 1927, ch. 493.)

By chapter 872 of the Laws of 1945, effective April 1, 1945, section 15 of the Workmen's Compensation Law was recast in

some particulars by the Legislature, and the provision in subdivision 8 requiring payment of $500 into a special fund in certain death cases was repealed. The new subdivision 8 enacted by the Laws of 1945 contained a saving clause which stated in part: " (j)  *  *  *  provided, however, that any rights that have accrued under former subdivisions eight or eight-a of this section prior to the time this subdivision, as hereby added, takes effect shall continue to inure to the benefit of any persons affected thereby as though such subdivisions had not been repealed."

As may be noted the employee received his accidental injuries while the old law was in effect and died after that law had been repealed. Respondent contends that the date of the accident should control so far as an award is concerned, when there is any conflict between the old and the new law. Appellants, to the contrary, assert that the date of death should control.

Whether the new statute preserved the payment of death benefits, as to deaths occurring after its effective date, in the manner provided for under the old statute must be determined, we think, from the language of the saving clause. All rights that had accrued to the benefit of any person under the old law were preserved. It is difficult to see how a " special fund " can be considered as a " person ". Such a fund is merely the creature of legislation and the power that created it may destroy it without regard to vested rights or otherwise. If the Legislature had intended to include the fund in the saving clause it could easily have said so. But passing that difficulty we encounter the requirement of accrual. Only those rights that have accrued are saved. Death benefits do not accrue until death occurs and it is found that death was due to the accidental injuries received. To hold otherwise is to say that prior to death it was certain that the accidental injuries would cause death. No such certainty existed, nor could it exist. Death might occur from causes wholly independent of and apart from the accidental injuries sustained. In that event no death benefits would accrue. From this fundamental reasoning, to which there is nothing opposed except some highly conjectural speculation as to the intent of the Legislature, it seems clear that the board had no authority to make that part of the award appealed from.

The award in that particular should be reversed with costs to The State Insurance Fund and against the Workmen's Compensation Board, and the matter remitted for modification in conformity with this opinion.

HILL, P. J., HEFFERNAN, BREWSTER and DEYO, JJ., concur.

Award reversed, with costs to the State Insurance Fund and against the Workmen's Compensation Board and the matter remitted for the sole purpose of entering an order in conformity with the opinion.