**ST. THOMAS MORE HOSPITAL, INC., Employer, and State Compensation Insurance Fund, Insurer, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF COLORADO, and Fermin J. Padilla, Respondents.**

**No. 83CA0318.**

Colorado Court of Appeals, Div. I.

Aug. 11, 1983.

Rehearing Denied Sept. 8, 1983.

Samuel H. Collins, William J. Baum, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles ·B. Howe, Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondents.

VAN CISE, Judge.

In this workmen's compensation case, the referee determined that claimant Padilla's previously sustained permanent partial industrial disability combined with a subsequent injury rendered him permanently totally disabled. He further determined that employer, St. Thomas More Hospital, Inc., in whose employ claimant sustained his subsequent injury, and its carrier, State Compensation Insurance Fund, were liable only for that portion of his industrial disability attributable to the subsequent injury. He ordered that the balance of the compensation due claimant for his permanent total disability is to be paid from the Subsequent Injury Fund.

The Subsequent Injury Fund petitioned the Commission for review of the referee's order. Relying on a prior Commission decision on substantially the same facts, later affirmed in *City & County of Denver v. Industrial Commission* (Colo.App. No. 82CA0645, announced February 10, 1983) (not selected for official publication) (the *Hatch* case) the Commission reversed the referee's decision insofar as he found and assigned liability to the Subsequent Injury Fund. The Commission instead ordered that liability for the entire amount was attributable to employer and its carrier.

Employer and carrier petition this court for review of the Commission's order and ask for the referee's original order to be reinstated. They contend that the Commission erred in not dismissing the petition for review of the referee's order filed with it by the Subsequent Injury Fund because the Fund is not a legal entity and had no standing to appeal. We agree, and set aside the Commission's order.

In the *Hatch* case, *supra,* on our own motion we struck the Subsequent Injury Fund as a party respondent in the review proceeding in this court because it "is not a legal entity which can sue and be sued." *Sears, Roebuck & Co. v. Baca,* 670 P.2d 1244 (Colo.App.1983). However, in the *Hatch* case, the fact that the Subsequent Injury Fund had initiated the appeal of the referee's · order to the Commission was not presented to or argued before the Commission or this court. Therefore, the case was decided on its merits and the Commission's order that the entire liability was the responsibility of the employer and its carrier was affirmed.

■ In the instant case the issue has been specifically raised in this court by the petitioners, although it was not presented to the Commission. As a jurisdictional issue, it may properly be presented at any stage in the proceedings. *Industrial Com-*

*mission v. Plains Utility Co.,* 127 Colo. 506, 259 P.2d 282 (1953).

■ Section 8–53–106, C.R.S.1973, prescribes that "[a]ny *party in interest* who is dissatisfied with the award entered by the referee ... may file a petition ... to review such award.... Such petition shall be filed within fifteen days of any referee's ... order ... and unless so filed, said order ... shall be final." However, since only the Subsequent Injury Fund sought review of the referee's order and since it is not a legal entity, the petition purportedly filed by it is a nullity. *See Sears, Roebuck & Co. v. Baca, supra.* No other petition for review of the referee's order having been filed, that order became final and not subject to review by the Commission.

Accordingly, the Commission's "Findings of Fact and Order" issued January 25, 1983, and its "Final Order" issued March 22, 1983, are set aside, and the cause is remanded to the Commission with directions to reinstate the September 1, 1982, "Order" of the referee.

PIERCE and BABCOCK, JJ., concur.