SEARS, ROEBUCK AND CO., Employer-Self-Insured, Petitioner,

v.

Mike L. BACA, Richard I. Wise, Peter D. Nims, individually and as members of the Industrial Commission of the State of Colorado, the Industrial Commission of the State of Colorado, Charles McGrath, The Director of the Division of Labor of the State of Colorado, and Mellis R. Dyson, Respondents.

No. 82CA0450.

Colorado Court of Appeals, Div. III.

Feb. 3, 1983.

Rehearing Denied March 3, 1983.

Certiorari Granted Sept. 6, 1983.

Frye & Sawaya, P.C., John R. Frye, Jr., Richard B. Rose, Denver, for petitioner.

Kripke & Epstein, P.C., Scott W. Lawrence, Denver, for respondent Mellis R. Dyson.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Alice Loraine Parker, Asst. Atty. Gen., Denver, for respondents Industrial Commission of the State of Colorado and members thereof and Director of Div. of Labor.

KELLY, Judge.

Sears, Roebuck and Co. (Sears), the petitioner, seeks review of an order of the Industrial Commission affirming the Division of Labor's order which denied, as untimely, Sears' request for joinder of the "subsequent injury fund" as a party to the proceedings. Sears argues that, because of certain procedural irregularities, its petition for review of this issue was filed in a timely manner. It also asserts that it has been denied due process of law by the failure of the Division of Labor and the Industrial Commission to promulgate rules governing joinder of the subsequent injury fund. We conclude that the subsequent injury fund is not a legal entity which can sue and be sued. Accordingly, there are no justiciable issues before us, and we dismiss the petition for review.

In January 1979, a workmen's compensation claim was commenced on behalf of Mellis R. Dyson. After a hearing on the issues, the referee entered an order finding the claimant to be permanently and totally disabled. In a timely manner, Sears filed a petition for administrative review of this order.

In February 1981, the claimant and Sears joined in a request to the Director of the Division of Labor (Director) that the subsequent injury fund be made a party to the compensation claim. In April, the referee, by letter, advised the parties, in essence, that a timely request for joining the subsequent injury fund had not been made and that therefore the request by Sears would not be considered.

On May 7, 1981, Sears filed a supplemental petition for review addressing the contents of the referee's letter. The Director affirmed the referee in regard to the joinder issue, and the Industrial Commission affirmed the order of the Division of Labor on January 5, 1982.

Thereafter, Sears filed a petition for administrative review of this order of the Industrial Commission. On March 24, 1982, the Industrial Commission entered its final order dismissing Sears' petition for review. In this order of dismissal, the Commission concluded, among other things, that the request for subsequent injury fund participation was untimely.

All of the parties' arguments here depend upon the existence of the subsequent injury fund as a legal entity susceptible to suit and capable of being joined as a litigant in the proceedings before the Department of Labor. However, we find no statutory authorization for the existence of the subsequent injury fund as a juridical personality, and, while we are aware that there are several Colorado cases in which the subsequent injury fund was named as a party, see, e.g., In re Death of Kilian v. Industrial Commission, 654 P.2d 1333 (Colo.App.1982), in none of them was the question before us addressed.

Section 8–51–106, C.R.S.1973 (1982 Cum. Supp.) provides the statutory framework for compensation of an employee who has suffered certain specified losses deemed to be total and permanent disability. Subsection 1(a) of this statute provides:

"In a case where an employee has previously sustained permanent partial industrial disability and in a subsequent injury sustains additional permanent partial industrial disability and it is shown that the combined industrial disabilities render the employee permanently and totally incapable of steady gainful employment and incapable of rehabilitation to steady gainful employment, then the employer in whose employ the employee sustained such subsequent injury shall be liable

only for that portion of the employee's industrial disability attributable to said subsequent injury, and the balance of compensation due such employee on account of permanent total disability shall be paid from the subsequent injury fund as is provided in this section."

In the succeeding subsection of the statute, it is provided that, in addition to such compensation, and after completion of the payments therefor, the employee is to be paid at his established compensation rate for permanent total disability, until death, from "a special fund to be known as the 'subsequent injury fund'" created through deposit by the employer or his insurance carrier, of certain described funds "with the state treasurer, as custodian . . . ."

But, the Workmen's Compensation Act contains no indication that the fund exists as a juridical personality. There are no statutory provisions comparable to those establishing the state compensation insurance fund, see § 8–54–101, et seq., C.R.S.1973, and, of particular significance, there is no provision authorizing the fund to sue or be sued. Cf. § 8–54–105, C.R.S.1973. This disparity of treatment between the two funds within the workmen's compensation act evidences the legislative intent that the subsequent injury fund be nothing more than a bookkeeping account carried on the books of the state treasurer.

In *Subsequent Injury Fund v. Pack,* 250 Md. 306, 242 A.2d 506 (1968), the Maryland Supreme Court, when confronted with a similarly deficient statute, said:

"[The fund] is actually nothing more than a glomerate of money to be disbursed by the state treasurer on written orders of the commission. It is not supervised, maintained or protected by a governing board, which is given the authority to appeal as is the unsatisfied claim and judgment fund . . . . Nor is it an agency of the state, created and designated as such, as is the state accident fund . . . . It is not a commission, corporation, trustee or other artificially created person."

We are impelled to the same conclusion for the same reasons.

Because the subsequent injury fund is not a legal entity, there are no justiciable issues before us. Accordingly, the petition for review is dismissed.

VAN 'CISE and KIRSHBAUM, JJ., concur.