**Charles McGRATH, Director of the Division of Labor, as Administrator of the Major Medical Insurance Fund, Petitioner,**

**and**

**Hammel Sales Company, and State Compensation Insurance Fund, Interested Parties,**

v.

**INDUSTRIAL COMMISSION OF COLORADO and H. Conway Gandy, Hearing Officer of the Division of Hearing Officers, Department of Administration, and Robert James Gold, Respondents.**

No. 83CA0333.

Colorado Court of Appeals,
Div. I.

March 8, 1984.

Rehearing Denied April 5, 1984.

Certiorari Denied June 25, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. For-

man, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for petitioner.

Montgomery, Little, Young, Campbell & McGrew, P.C., J. Bayard Young, Englewood, for respondent Robert James Gold.

Duane Woodard, Atty. Gen., James R. Riley, Jr., Asst. Atty. Gen., Denver, for respondents Indus. Com'n of Colorado and H. Conway Gandy.

METZGER, Judge.

This is a review of a final order of the Industrial Commission of Colorado granting claimant, Robert James Gold, replacement of adaptive equipment for his van. We dismiss the petition.

On March 10, 1976, claimant, as the result of a work-related automobile accident, suffered a severe spinal cord injury which left him a quadriplegic. After the statutory maximum for medical benefits due from the employer's insurance carrier was reached, claimant was admitted to the Major Medical Insurance Fund (Fund). The Fund authorized vocational rehabilitation counseling and other efforts including a ramp at claimant's home and modifications to his van. When claimant abandoned his vocational rehabilitation efforts, the State Compensation Insurance Fund admitted total disability; the Fund continues to cover claimant's medical benefits.

In 1981 claimant requested that the Fund replace the worn and unsafe adaptive equipment for his van. The Director of the Division of Labor denied the request. Claimant appealed, and a hearing officer for the Department of Administration ordered the Fund to replace the van's adaptive equipment. The Industrial Commission affirmed; the Director of the Division of Labor, as Administrator of the Fund, seeks review.

Claimant asks that we dismiss the petition on the grounds that the Major Medical Insurance Fund is not a legal entity which can sue or be sued. We agree and conclude that the statutory provisions creating the Major Medical Insurance Fund, § 8–66–101, et seq., C.R.S. (1983 Cum.Supp.) con-

tain no authorization for the fund to initiate or defend any lawsuit.

Consequently, for reasons similar to those expressed in *Sears Roebuck & Co. v. Baca*, 670 P.2d 1244 (Colo.App.1983) (*cert. granted* September 6, 1983); *Black Mountain Spruce Inc. v. Johnson*, 670 P.2d 1241 (1983) (*cert. granted* October 11, 1983); and *St. Thomas More Hospital v. Industrial Commission*, 674 P.2d 993, (Colo. App.1983) (*cert. granted* January 9, 1984), the petition is dismissed.

PIERCE and BERMAN, JJ., concur.

