**Hugh HATFIELD, Petitioner,**

v.

**DIRECTOR OF the DIVISION OF LABOR; A–1 Decorating, and/or Adams County School District No. 50; Truck Insurance Exchange, and/or State Compensation Insurance Fund; Industrial Commission, State of Colorado, Respondents.**

**No. 83SC356.**

Supreme Court of Colorado,
En Banc.

June 18, 1984.

---

4. Subsequent to the events in the instant case, the General Assembly has explicitly authorized the director to "administer and conduct all matters involving the subsequent injury fund in the name of the division [of labor] ...." H.B. No. 1160, sec. 1, § 8–51–106(5) (March 26, 1984).

George T. Ashen, James E. Freemyer, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Human Resources Section, Denver, for respondents.

LOHR, Justice.

We granted certiorari pursuant to C.A.R. 50 to review a case pending in the Colorado Court of Appeals involving an order of the Industrial Commission dismissing a petition for review filed on behalf of the Subsequent Injury Fund (SIF). We set aside the commission's order and remand for further proceedings.

On September 27, 1973, the claimant, Hugh Hatfield, injured his left arm, shoulder, and back when he fell from a roof while employed as a painter by the A-1 Decorating Company. On December 23, 1975, Hatfield was working for the Adams County School District No. 50, and sustained another injury to his back moving furniture. On March 29, 1976, while still employed by the school district, the claimant injured his right hand in operating a snowblower, resulting in the amputation of three fingers.

Hatfield filed claims for workers' compensation benefits, and a hearing officer found that the accidents of December 23rd and March 29th had combined to render the claimant permanently and totally disabled. The hearing officer ordered the SIF to pay weekly compensation benefits.[1]

The SIF, represented by the attorney general, petitioned for review, and the claimant moved to remand the matter for a determination whether the SIF's petition was timely. The motion to remand was granted by the commission, and a hearing on the timeliness of the SIF's petition to review was held. The hearing officer found that the petition was filed within the time allowed and ordered the petition referred back to the Industrial Commission for a determination of the merits of the SIF's petition for review.

The claimant petitioned for review of this order of referral, asserting that the SIF was not a legal entity capable of petitioning for review and that, in any event, the hearing officer erroneously found the SIF's petition timely. The SIF then petitioned for an extension of time within which to petition for review, contending that resolution of the issues should await this court's then-pending decision in *Sears, Roebuck & Co. v. Baca*, 682 P.2d 11 (Colo.1984), in which we had before us the issue of whether the SIF is a legal entity. The hearing officer denied the SIF's motion for an extension of time, and ordered the director of the division of labor to file, on behalf of the SIF, either a petition for review or a brief in opposition to the claimant's petition within thirty days. The director complied by submitting on behalf of the SIF a brief in opposition to the claimant's petition for review.

Relying on the Colorado Court of Appeals' opinion in *Sears, Roebuck & Co. v. Baca*, 670 P.2d 1244 (Colo.App.1983), *aff'd*

---

1. Section 8-51-106, 3 C.R.S. (1983 Supp.), provides that when successive injuries of a permanent, partially disabling nature combine to render a claimant permanently and totally disabled then the benefit payments are apportioned between the employer in whose employ the last injury was sustained and the SIF.

*in part, rev'd in part,* 682 P.2d 11 (Colo. 1984),[2] the Industrial Commission concluded that the SIF had no status to petition for review of an order. The commission determined, therefore, that the hearing officer's order finding total and permanent disability and requiring the SIF to pay compensation benefits to the claimant had become final when no party with the capacity to petition for review had done so. The commission further concluded that "the attempt by [the SIF] to present its statement of opposition to claimant's petition as if brought by the Director of the Division of Labor on behalf of the [SIF], has no force or effect to confer status to appeal for review upon [the SIF] ...." Accordingly, the commission concluded that, since the SIF's petition to review had no effect, the hearing officer's order to make benefit payments out of the SIF had become final and the issue of the timeliness of the SIF's petition for review was moot.

██ In this appeal, the director of the division of labor contends that he is empowered to represent the interests of the SIF in the proceedings before the commission and here. We agree.

The resolution of this issue is based upon our recent decision in *Sears, Roebuck & Co. v. Baca,* 682 P.2d 11 (Colo.1984). There we held that, although the SIF is not a legal entity, "the Director is the proper party to represent the SIF and to safeguard its interests in workmen's compensation proceedings." *Sears, Roebuck & Co.,* 682 P.2d at 18.[3]

██ In the instant case, the hearing officer's order to the director of the division of labor to file a petition for review or a brief in opposition to the claimant's petition, and the director's compliance with that order, make clear that both the director and the hearing officer considered the director the proper party to protect the SIF's interest in the context of this case. It is further clear

that, in seeking participation, the director was attempting to discharge his obligation to safeguard the interests of the SIF. We conclude that, in order to ensure that section 8–51–106, 3 C.R.S. (1983 Supp.), is properly applied with regard to the interests of the SIF, the director's brief in opposition to the claimant's petition should not have been dismissed and the director should have been permitted to challenge the hearing officer's order that the SIF pay compensation benefits.

██ The claimant contends, however, that the hearing officer's total disability order became final before the director took any action to participate in the proceedings, and the director can no longer challenge that order on behalf of the SIF. In *Subsequent Injury Fund v. Black Mountain Spruce, Inc.,* 682 P.2d 1118 (Colo.1984), we noted that prior to our decision in *Sears, Roebuck & Co.* the manner in which SIF interests were to be protected, and the proper party to safeguard those interests, were not clearly defined. Therefore, rather than affirming a court of appeals dismissal of an appeal purportedly brought by the SIF, represented by the attorney general, we remanded the case to the court of appeals with instructions to give the director an opportunity to be substituted for the SIF. We concluded that this result was compelled in order to assure fairness to the director in performing his duty to safeguard the interests of the SIF. In the instant case, the time to seek commission review of the hearing officer's total disability order had passed before our opinion was issued in *Sears, Roebuck & Co.* A petition for review had been filed by the attorney general, however, purportedly on behalf of the SIF. Under these circumstances, for reasons similar to those involved in *Subsequent Injury Fund v. Black Mountain Spruce, Inc.,* we conclude that the director should be allowed to assert the interests of the SIF before the

---

**2.** The Industrial Commission order preceded our opinion in *Sears, Roebuck & Co.*

**3.** Subsequent to the events in the instant case, the General Assembly has explicitly authorized

the director to "administer and conduct all matters involving the subsequent injury fund in the name of the division [of labor] ...." H.B. No. 1160, sec. 1, § 8–51–106(5) (March 26, 1984).

commission notwithstanding the failure to petition for review within the time allowed after issuance of the hearing officer's order determining total disability. Because of the uncertainty with respect to the director's role in protecting the SIF, we further conclude that the late filing arguments asserted against the SIF, whatever their merit, do not affect the director's right to participate in these proceedings on behalf of the SIF.

The order of the Industrial Commission is set aside and the case remanded for further proceedings in which the director of the division of labor may participate on behalf of the SIF.

KIRSHBAUM, J., does not participate.