INDUSTRIAL COMMISSION OF
COLORADO, Petitioner,

v.

ST. THOMAS MORE HOSPITAL, INC.;
State Compensation Insurance Fund;
and Fermin J. Padilla, Respondents.

No. 83SC345.

Supreme Court of Colorado,
En Banc.

March 25, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for petitioner.

Samuel H. Collins, Denver, for respondents.

ROVIRA, Justice.

We granted certiorari to review the decision of the court of appeals in *St. Thomas More Hospital, Inc. v. Industrial Commission of Colorado,* 674 P.2d 993 (Colo.App. 1983), holding that the Subsequent Injury Fund (SIF) was not a legal entity and thus had no standing to appeal an order of the referee to the Industrial Commission of Colorado (Commission). We reverse and remand.

I.

In May 1976, Fermin J. Padilla sustained a lower back injury. In March 1982, he filed a worker's compensation claim for this injury, which was denied on the ground that it was barred by the statute of limitations. In May 1978, Padilla sustained an injury to his right hand while employed by St. Thomas More Hospital (St. Thomas). He filed a worker's compensation claim for this injury, and the State Compensation Insurance Fund (SCIF), St. Thomas' insurance carrier, admitted that this injury arose out of and in the course of employment.

In 1982, a hearing was conducted on Padilla's claim against St. Thomas and the SCIF, and the referee found that Padilla was "permanently and totally disabled as a result of his hand and back conditions and multiple other disabilities not related to his employment." He also found that the hand injury resulted in permanent partial disability of 20% as a working unit. Thus, the referee ordered the SCIF to compensate Padilla for permanent partial disability of 20% as a working unit for 150.19 weeks and the SIF to compensate him at the end of the 150.19 weeks for permanent total disability. He based the liability of the SIF on section 8–51–106, 3 C.R.S. (1973),[1] which provides that when certain prerequisites are met, the SIF must compensate a claimant.

The SIF petitioned the Commission for review of the referee's order. The Com-

---

**1.** The SIF was established in 1919. The current version is found in section 8–51–106, 3 C.R.S. (1973 & 1984 Supp.). This section was amended in 1984 by the addition of subsection 5 which authorizes the Director of the Division of Labor to administer and conduct all matters relating to the subsequent injury fund in the name of the division, and in that name the director may sue and be sued in all matters related to the subsequent injury fund. Ch. 57, sec. 1, § 8–51–106, 1984 Colo.Sess.Laws 305. We note that this amendment was not effective at the time this case arose and thus does not affect this opinion.

mission reversed that part of the referee's decision which found the SIF partially liable to Padilla on the grounds that the "requirements and elements of section 8–51–106(1)(a) have not been fulfilled by substantial and competent evidence." Specifically, it found that the permanent total disability was not the result of "combined industrial disabilities" but was the result of combined industrial and nonindustrial disabilities.

St. Thomas and the SCIF appealed the Commission's decision to the court of appeals, contending that (1) the requirements of section 8–51–106(1)(a) had been established by substantial and competent evidence, and (2) the petition for review by the SIF should have been dismissed because the SIF was not a legal entity, and therefore had no standing to appeal the referee's order.

The court of appeals held that the SIF is not a legal entity and thus its petition for review was a nullity. It concluded by holding that since no other party had filed a petition for review the referee's order became final and not subject to Commission review. Thus, it did not reach the substantive issue of whether the requirements of section 8–51–106(1)(a) had been met.

## II.

In *Sears, Roebuck & Co. v. Baca*, 682 P.2d 11 (Colo.1984), we considered the status of the SIF and the rights of an employer to the apportionment scheme set out in section 8–51–106. We held that, although the SIF was not a legal entity with the capacity to sue and be sued, some mechanism was required for enforcing the provisions of section 8–51–106 and section 8–52–108(1), 3 C.R.S. (1973). *Id.* at 17–18. We concluded that the Director of the Division of Labor is the proper party to represent the SIF and ordered the Commission to promulgate rules and regulations governing the SIF and provide Sears with the opportunity for a hearing.

Furthermore, in *City and County of Denver v. Industrial Commission*, 690 P.2d 199 (Colo.1984) (the *Hatch* case), we

held that the SIF may seek review by the Commission of a referee's decision.

In light of *Sears* and *Hatch*, the SIF is entitled to the opportunity to challenge the referee's finding of liability. Thus, the court of appeals erred in finding that the SIF could not seek review by the Commission. The court of appeals did not reach the substantive issue and St. Thomas and the SCIF are entitled to have that court consider their argument that the referee's order, apportioning liability between the SCIF and the SIF, was correct because the requirements of section requirements of section 8–51–106(1)(a) had been proved by substantial and competent evidence. This issue should be reviewed in light of our interpretation of that section in *Hatch*.

The judgment of the court of appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.