633 A.2d 855

## MARYLAND–NATIONAL CAPITAL PARK & PLANNING COMMISSION

v.

**Maenette B. SMITH et vir.**

**No. 50, Sept. Term, 1992.**

Court of Appeals of Maryland.

Dec. 8, 1993.

4

Isaac H. Marks, Associate Gen. Counsel (Elizabeth M. Hewlett, Associate Gen. Counsel, both on brief), Upper Marlboro, for appellant.

Jess Joseph Smith (L. David Ritter, both on brief), Upper Marlboro, for appellee.

Argued before MURPHY, C.J., and RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

McAULIFFE, Judge.

Maenette and Jess Joseph Smith (the Smiths) sought to construct an office building on property they owned in Prince George's County. They filed an application for a building permit with the appropriate agency, the Department of Environmental Resources of Prince George's County (DER). As required by the Prince George's County zoning ordinance,[1] DER transmitted copies of the application to the Prince George's County Planning Board (the Planning Board) for review and recommendation. The Planning Board, which is comprised of the five Prince George's County commissioners of the Maryland–National Capital Park & Planning Commission (the Commission),[2] recommended denial of the permit because it believed that a part of the lot upon which the building was to be erected was not in a zone that permitted the contemplated use.[3] DER notified the Smiths that the

---

1. Prince George's County Code (1987, 1990 Supp.) § 27–255.

2. Maryland Code (1957, 1990 Repl.Vol.) Art. 28, § 7–111 provides in part that "[t]he members of the Commission appointed by the governing bodies of each county are designated the Montgomery County planning board and the Prince George's County planning board, respectively." That statute grants to the planning boards exclusive jurisdiction in some matters pertaining to their respective counties, confers concurrent authority with the Commission with respect to certain other matters, and further provides that the boards may exercise other delegated or assigned authority under certain circumstances.

3. According to the Planning Board, the lot in question was zoned partly for commercial and partly for residential use. Because the office building the Smiths planned to construct would violate the residential classification, the Planning Board recommended denial of the permit application. The genesis of the zoning classification problem dates to a time when the subject lot was part of a larger parcel. A portion of that parcel was in a commercial zone, and the balance was in a residential zone. In 1987 or 1988, the Smiths subdivided the parcel into two lots, apparently intending that the dividing line would be identical to the zoning division line. The Commission initially refused to approve the subdivision, but was required to accept it when the Smiths successfully appealed the Commission's denial to the Circuit Court for Prince George's County. No appeal was taken from that decision, and the subdivision was recorded. When the present application for a building permit was filed for the lot intended to reflect the commercial zoning classification, the Board declined to recommend approval on the basis

permit would not be issued because the Planning Board had not given its approval.

The Smiths appealed to the Board of Appeals for Prince George's County (the Board of Appeals). The Board of Appeals held five hearings on the Smiths' appeal between June and August, 1990, and reversed the denial of the permit. The Commission and Prince George's County (the County) joined in an appeal from that decision to the Circuit Court for Prince George's County. The Smiths moved to dismiss the appeal for lack of standing. The circuit court denied the Smiths' motion as to the County, but dismissed the Commission's appeal. The trial court, citing *Md.-Nat'l Cap. P. & P. v. Mont. Co.*, 267 Md. 82, 95, 296 A.2d 692 (1972), based the dismissal on a finding "that [the Commission] was not a party before the Board of Zoning Appeals." Acting pursuant to Maryland Rule 2–602, the trial judge directed that the order dismissing the Commission's appeal be entered as a final judgment. The Commission appealed the dismissal to the Court of Special Appeals, and the Smiths filed a cross-appeal. Prior to any consideration of the case by the intermediate appellate court, we issued a writ of certiorari on our own motion.

## I.

Initially, the Smiths allege that the trial judge abused his discretion in certifying the order of dismissal as final. Maryland Rule 2–602 provides, in part, that an order which adjudicates the rights and liabilities of fewer than all the parties to the action is not a final judgment, but a trial judge may direct the entry of a final judgment as to fewer than all the parties if the judge expressly determines in a written order that there is no just reason for delay. The

---

that the subdivision line was not in fact coterminous with the zoning line, the result being that a small portion of the lot in question remained in a residential zone. The Smiths dispute the Board's interpretation of the zoning and subdivision maps, and contend that the lot in question is entirely within the required commercial zone.

discretionary authority given to the trial judge under this Rule is subject to review by an appellate court. *Planning Board v. Mortimer*, 310 Md. 639, 648, 530 A.2d 1237 (1987); *Diener Enterprises v. Miller*, 266 Md. 551, 555, 295 A.2d 470 (1972). Although the certification permitted by Rule 2–602 should be used sparingly so that piecemeal appeals and duplication of efforts and costs in cases involving multiple claims or multiple parties may be avoided, we will not disturb the trial judge's exercise of discretion in this case. Even though the County remains a party to the appeal even if the Commission is dismissed, it is not clear that the County ever intervened or participated in earlier proceedings, and it is not free from doubt that the County has standing to pursue the appeal. *See Mont. Co. v. One Park North*, 275 Md. 193, 201, 338 A.2d 892 (1975). Moreover, even if the County does have standing, it appears that County officials may not share the view of the Planning Board with respect to the correct interpretation of the zoning map, or whether the maps maintained by the Commission should take precedence over those maintained by the County. Under these circumstances, we find no abuse of discretion in the decision to certify as final the order dismissing the Commission as a party.

## II.

"The right to take an appeal is entirely statutory, and no person or agency may prosecute an appeal unless the right is given by statute." *Subsequent Injury Fund v. Pack*, 250 Md. 306, 309, 242 A.2d 506 (1968) (citation omitted); *see also* Maryland Rule B3; *Criminal Inj. Comp. Bd. v. Gould*, 273 Md. 486, 500, 331 A.2d 55 (1975); 2 Poe, *Pleading and Practice* § 826 (Tiffany's Ed.1925). The applicable statute in this matter is Maryland Code (1990 Repl.Vol.) Art. 28, § 8–111.1, which states:

 (a) **Appeal to circuit court;** ... (1) Any person aggrieved by the decision of the board of zoning appeals of Prince George's County *and* a party to the proceeding before it may appeal to the circuit court for the county which shall have power to affirm the decision of the board,

or if the decision is not in accordance with law, to modify or reverse the decision, with or without remanding the case for rehearing as justice may require.

(Emphasis added.) The trial court dismissed the Commission's[4] appeal for lack of standing under section 8–111.1, stating:

> The Court finds that MNCPPC was not a party before the Board of Zoning Appeals. *See Md.–Nat'l Cap. P. & P. v. Mont. Co.*, 267 Md. 82, 95, 296 A.2d 692 (1972). Also, they were not aggrieved by the decision of the Board. The Commission was not aggrieved because they only make recommendations to the County as to whether building permits are issued; they are merely an advisory body, they do not make decisions. Furthermore, the Commission does not have authority to enforce the zoning laws. Article 28, Section 8–112, gives the authority to enforce the zoning laws to the County Council and to municipal corporations. MNCPPC is not a municipal corporation. *Id.* 267 Md. at 90–91 [296 A.2d 692]. Article 28, Section 1–101, states that MNCPPC is a body corporate, and an agency. Having failed to establish that it was a party or aggrieved, MNCPPC does not have the statutory right to appeal.

We agree with the conclusion reached by the circuit court, but not with all of that court's reasoning. The trial judge's

---

4. The parties, the Board of Appeals, and the lower court have referred to the Commission and the Planning Board interchangeably. Thus, when the Planning Board declined to give its approval to the issuance of the building permit, this action was uniformly referred to as the action of the Commission. This Court has in the past referred to the Planning Board as a "segment of the Commission." *Md.–Nat'l Cap. P. & P. v. Mont. Co.*, 267 Md. 82, 85, 296 A.2d 692 (1972). Although an argument might be made that the Planning Board and the Commission are not one and the same, no separate question has been raised about the terminology used to describe the parties in this case. For that reason, and because the result is the same whether we consider the appeal as having been taken by the Commission or by the Planning Board, we will not address this issue at any greater length. For convenience only, and not for precedential value, we hereafter adopt the practice of the parties in referring to the Commission to include the Planning Board.

reliance on *Md.–Nat'l Cap. P. & P. v. Mont. Co.* is misplaced. As here, that case involved a determination of whether the Commission had standing to appeal to the circuit court from a decision of the Board of Appeals. We rejected the appeal in part because a statute relied on by the Commission to establish its right to appeal required the Commission to prove that it was a political subdivision. We found that the Commission "possesses none of the characteristics which mark a 'political subdivision,'" 267 Md. at 93, 296 A.2d 692, and therefore refused to award standing on that theory. Alternatively, we considered whether the Commission might qualify under the analysis at issue here: by showing that it was " 'aggrieved by the decision of the Board [of Appeals] *and* a party to the proceeding before it[.]'" *Id.* at 94, 296 A.2d 692 (quoting Montgomery County Code) (brackets and emphasis in opinion). We never reached the issue of whether the Commission might be aggrieved because we found that it had not established itself as a party. The Commission "neither stated for the record 'that [it appeared as] a party to the proceedings,' nor that it wished to be regarded 'as a protestant,'...." *Id.* at 95, 296 A.2d 692 (brackets in opinion). Thus, we affirmed the decision to dismiss the appeal.

The fact that the Commission had not appeared as a party in that case does not preclude it from establishing that it appeared as a party in this case. That is a determination which must be made based on the facts of each individual case, and any previous decisions in other cases have no bearing on it. The Commission argues that in the case before us it was a party to the proceedings before the Board of Appeals because it appeared as a party, was referred to as a party, subpoenaed witnesses, introduced exhibits which were accepted into evidence, and examined and cross-examined witnesses.[5] In support of that position, the Commission relies on *Morris v. Howard Res. & Dev. Corp.*, 278 Md. 417, 423, 365 A.2d 34

---

5. The Smiths concede the Commission's presence at the hearing, but maintain that it appeared merely to explain its recommendation of denial, rather than as an interested party.

(1976), where we held that an individual who "was present at the hearing before the Board, testified as a witness and made statements or arguments" regarding the subject matter of the hearing had established himself as a party before the board. We also stated:

> Bearing in mind that the format for proceedings before administrative agencies is intentionally designed to be informal so as to encourage citizen participation, we think that absent a reasonable agency or other regulation providing for a more formal method of becoming a party, anyone clearly identifying himself to the agency for the record as having an interest in the outcome of the matter being considered by that agency, thereby becomes a party to the proceedings.

*Id.*

 *Morris* and other cases of this Court indicate that the threshold for establishing oneself as a party before an administrative agency is indeed low. Although we have said that one's presence at the hearing and testimony in favor of an asserted position is sufficient, *id.,* we have also said that personal appearance and testimony at the hearing are not required. *Hertelendy v. Montgomery Cty.,* 245 Md. 554, 567, 226 A.2d 672 (1967); *Largo Civic Ass'n v. Pr. Geo's Co.,* 21 Md.App. 76, 81, 318 A.2d 834 (1974). In fact, it has been held to be sufficient that the hearing examiner considered the appellant to be a party, *Northampton v. Pr. George's Co.,* 21 Md.App. 625, 633–34, 321 A.2d 204, *rev'd on other grounds,* 273 Md. 93, 327 A.2d 774 (1974), or that the appellant's name was submitted to the Board of Appeals as one who would be aggrieved by an adverse decision. *Wright v. McCubbin,* 260 Md. 11, 14, 271 A.2d 365 (1970). *See also Baxter v. Montgomery County,* 248 Md. 111, 113, 235 A.2d 536 (1967) (submitting name in writing as a protestant is sufficient); *Bryniarski v. Montgomery Co.,* 247 Md. 137, 143, 230 A.2d 289 (1967) (testifying before agency is sufficient); *DuBay v. Crane,* 240 Md. 180, 184, 213 A.2d 487 (1965) (identifying self on agency record as a party is sufficient). *But cf. Mont. Co. v. One Park North, supra,* 275 Md. at 201, 338 A.2d 892 (Montgomery

County, although perhaps aggrieved by the action of the board, denied standing to appeal where it was neither a party nor an intervenor in the proceedings before the board).

Applying those relatively lenient standards, we find that the Commission's participation in this matter, which included subpoenaing witnesses, introducing exhibits, and examining and cross-examining witnesses, is sufficient to confer party status. Moreover, the Commission was considered by the Board of Appeals throughout the proceedings to be a party.

■ Establishing the Commission's status as a party to the proceedings before the Board of Appeals completes only half of the required analysis; the Commission must also be aggrieved by the Board's decision in order to have standing to appeal. The rule for determining who is aggrieved in administrative appeals is well settled. In *Dubay v. Crane, supra,* 240 Md. at 185, 213 A.2d 487, we said:

> In zoning cases, the rule in this State is that for a person [6] to be aggrieved by an adverse decision of the administrative agency, and thus entitled to appeal to the courts, *the decision must not only affect a matter in which the protestant has a specific interest or property right but his interest therein must be such that he is personally and specially affected in a way different from that suffered by the public generally.*

---

**6.** The Smiths also briefly argue, based upon our holding in *Subsequent Injury Fund v. Pack, supra,* 250 Md. at 311, 242 A.2d 506, that the Commission is not a "person" as required by the statute. Our holding in *Subsequent Injury Fund,* however, relied on the fact that the Fund was not "an agency of the State, created and designated as such by the Legislature, ..." nor was it a "commission, corporation, trustee or other artificially created 'person.'" *Id.* By contrast, the Commission is obviously a "commission" and has also been deemed "an agency of the State." *See generally O & B, Inc. v. Md.–Nat'l Cap. P. & P.,* 279 Md. 459, 465, 369 A.2d 553 (1977) ("[A]lthough the Commission has local functions and responsibilities, it appears that the General Assembly has created the Commission as the state agency responsible for coordinating planning, zoning and recreational activities ... which otherwise would be the sole responsibility of the counties."). Thus, it is a person as that term is used in the statute.

(Emphasis added.) The Commission argues that, although its particular interest in the subject matter of this litigation is not "different from that suffered by the public generally," *id.*, its interest "affects the public generally." Although we do not disagree with that assertion, it is legally insufficient to render the Commission "aggrieved."

We discussed what it means to be aggrieved in *Subsequent Injury Fund v. Pack, supra,* 250 Md. at 310, 242 A.2d 506.

[T]here is a very real distinction between being *aggrieved* by a decision, and having a status cognizable in law as able to present a grievance. The zoning board of Baltimore City, unquestionably, *is* a legal entity, yet, it suffers nothing by a decision overruling its orders. By contrast, the Fund suffers a very real loss, but its right to appeal, and thus its existence as a legal entity, has not been formulated by the Legislature.

(Citation omitted.) (Emphasis in original.) The "very real loss" suffered by the Fund in that case consisted of money; the Workmen's Compensation Commission, the agency in question, had the authority to compel the Fund to compensate a claimant. Thus, because the Fund had an actual monetary interest in the agency decision, we determined that the Fund, despite its own status as an agency, could be "aggrieved." *See also Real Estate Comm'n v. Johnson,* 320 Md. 91, 97, 576 A.2d 760 (1990) (Commission would be aggrieved by reversal of its decision because Real Estate Guaranty Fund could be required to disburse monies to claimants); *Md. Port Adm. v. C.J. Langenfelder & S.,* 50 Md.App. 525, 535, 438 A.2d 1374 (1982) (MPA aggrieved by decision of Board of Contract Appeals which required it to pay equitable compensation and pre-decision interest to contract claimant).

There is no such interest at stake here. The Commission will not suffer any property loss, or be compelled to act based on the Board's decision. The only possible injury is the arguable indignity of having a recommendation rejected. This does not amount to being "aggrieved" as that term was used in *Dubay* and *Subsequent Injury Fund.*

An agency may maintain an appeal in those cases involving the agency's role in protecting the public interest. For example, in *Consumer Protection v. Consumer Pub.*, 304 Md. 731, 744, 501 A.2d 48 (1985), we found that the Consumer Protection Division of the Office of the Attorney General acted as a sort of civil prosecutor by virtue of its "power to receive and investigate consumer complaints, initiate its own investigation of any possibly unfair and deceptive trade practice, issue cease and desist orders, adopt rules and regulations which further define unfair or deceptive trade practices or otherwise effectuate the purposes of the Act, and seek a temporary or permanent injunction in a civil enforcement proceeding." *Id.* at 745, 501 A.2d 48. Thus, because its functions are closely " 'identified with the execution of . . . public policy as the representative of the state,' " *id.* at 746, 501 A.2d 48 (quoting *Zoning Appeals Board v. McKinney*, 174 Md. 551, 561, 199 A. 540 (1938)), we determined that it was aggrieved by the reversal of its order, and allowed it to seek appellate review. *See also Department v. Bo Peep*, 317 Md. 573, 586, 565 A.2d 1015 (1989), *cert. denied*, 494 U.S. 1067, 110 S.Ct. 1784, 108 L.Ed.2d 786 (1990) (in cases of suspected child abuse, Maryland Department of Human Resources exercised active role of policy formulation and protection of children, not just passive quasi-judicial one). *Compare, McKinney, supra*, 174 Md. at 560–61, 199 A. 540 (appeal by Zoning Appeals Board of Baltimore City rejected where role of Board was a largely judicial one, "to find facts, to apply to those facts rules of law prescribed by the Legislature, and to announce the result. It has no interest, personal or official, in the matters which come before it. . . .").

In this case, the Commission has no power to issue or deny a building permit, nor has it been granted enforcement responsibilities in connection with building permits. Its function is to provide information and make recommendations to the County agency that does issue or deny building permits. The Commission admitted before the Board of Appeals that it "only makes a recommendation [regarding a building permit application] which DER may or may not follow." As the trial

**14**

court found, the Commission in this function is merely an advisory body; it does not make decisions. The County, not the Commission, has been given the power to enforce building permit requirements. Maryland Code (1957, 1990 Repl.Vol.) Art. 28, § 8–120.[7]

Accordingly, we hold that even though the Commission was a party to the proceedings before the Board of Appeals, it was in no way aggrieved by the Board's decision. It has not suffered any monetary loss, and, by its own admission, has no special personal interest at stake. The only interest asserted does not differ from that of the public in general.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED, WITH COSTS.

---

7. The statute reads, in relevant part:

(b) In Prince George's County, the construction, reconstruction, erection, structural alteration, or use of any building or other structure in violation of the building code of Prince George's County as authorized by this article or by Article 25A of the Code, or the use of land or premises in violation of any of the provisions of this title, or of any decision made under this title, or of any zoning text amendment adopted under this title, is a misdemeanor. The willful issuance of a building, use, and occupancy or any other permit in violation of any such provision or decision is a misdemeanor. Prince George's County or the State's Attorney of Prince George's County may prosecute any violation.