HAROLD WILLIAM CONNOR *v.* CELANESE FIBERS
COMPANY ET AL.

[No. 41, September Term, 1978.]

*Decided October 16, 1978.*

The cause was argued before MOYLAN, MASON and LISS, JJ.

*Ronald C. Brubaker* for appellant.

*R. Roger Drechsler,* with whom were *Gary G. Leasure* and *Lord, Whip, Coughlan & Green, P.A.* on the brief, for appellees.

LISS, J., delivered the opinion of the Court.

Harold William Connor, appellant, was an employee of the Celanese Fiber Company on May 30, 1974. He filed a claim with the Workmen's Compensation Commission in which he alleged that on that date he sustained accidental injuries arising out of, and in the course of, his employment. A hearing was requested and the following issues were submitted to the Commission: (1) nature and extent of disability; (2) apportionment, and (3) whether the complaints and/or disability of low back were causally related to the accidental injury. After a hearing, the Commission, on the 7th day of January, 1976, issued an order in which it found that the claimant sustained an accidental injury arising out of, and in the course of, his employment on May 30, 1974. It is to be noted that the conclusion of the Commission on this issue is not disputed by the appellees. The Commission found that the claimant sustained a permanent partial disability resulting in 18% loss of the use of the left leg (knee). It further found that the appellant's complaints as to the disability of his lower back were not causally related to the accidental injury.

Claimant filed a motion for rehearing on the grounds of: (1) newly discovered evidence, and/or (2) error of law. After a review of all the evidence before it, the Commission, on the 16th day of July, 1976, reaffirmed its original order. The claimant thereupon filed an appeal to the Circuit Court for Allegany County which was docketed as Case No. 13011 Law.

The employer and its insurer were named as appellees. While this appeal was pending, appellant filed a petition to implead the Subsequent Injury Fund and to remand the case to the Workmen's Compensation Commission for further proceedings. We believe, that in order to place the issues in this case in their proper perspective, it would be useful at this point to explicate the historical background of the Subsequent Injury Fund.

The history of the concept of providing compensation for an injured employee for a portion of his disability which pre-existed the subsequent injury had its beginnings in Acts of 1945, ch. 637, which became effective on June 1, 1945. This provision created a "Second Injury Fund" whereby an employee who had previously lost the use of a hand, arm, foot, leg or eye and subsequently lost the use of another of these parts of body in a compensable accident that was permanently and totally disabling would be entitled to receive compensation beyond the amount awarded against the employer for the most current injury. This additional compensation was to be paid from the "Second Injury Fund" upon written order of the Workmen's Compensation Commission. The Treasurer of the State of Maryland was designated as custodian of the Fund which was accumulated from charges made against employers or their indemnitors on a flat rate basis per accidental injury. These sums were paid to the Commission and remitted to the State Treasurer who was charged with limited administrative duties in the disbursement of the funds.

The Acts of Maryland of 1963, ch. 809, codified as Maryland Code Article 101, Section 66 (1964 Repl. Vol.), broadened the original compensatory scheme by creating the Subsequent Injury Fund which succeeded the Second Injury Fund. Payments which had been ordered by the Workmen's Compensation Commission were no longer restricted to cases of permanent and total disability caused by the loss of a second enumerated member or organ. With the new Act, payments of additional compensation were mandated from the Subsequent Injury Fund to an employee who sustained any injury in a compensable accident where that employee

had suffered permanent impairment due to a prior accident or disease or congenital condition. However, payment was conditioned upon the employee's permanent total disability or permanent partial disability exceeding 50% of the body.

The status of the Fund was the principal issue before the Court of Appeals in *Subsequent Injury Fund v. Pack,* 250 Md. 306, 242 A. 2d 506 (1968). In that case, Judge Finan, speaking for the Court, made an exhaustive analysis of the status of the Fund and concluded, as explained by Judge Powers of this Court in *Subsequent Injury Fund v. Howes,* 11 Md. App. 325, 333, 274 A. 2d 131 (1971), that

> the Fund was incapable of being a party to any proceeding anywhere, before the Commission or in any court; it could make no claim nor could a claim be asserted or prosecuted against it; it could not appear, nor could counsel appear for it as a party; it could not appeal, nor could any party appeal against it; it was not an entity, but a nonentity; it was, and still is, a bank account and portfolio of investments, in the custody of the State Treasurer, from which payments are made when the Commission orders payment.

The Legislature responded to the *Pack* decision by passing the Acts of 1969, ch. 394 which amended Code Article 101, Section 56 (a) by providing that: "For the purposes of this Section, the word 'person' (as used in the first sentence of the section) shall be deemed to include the Subsequent Injury Fund as created by Section 66 of this article." The effect of this amendment was to permit the Fund to appeal from any order of the Workmen's Compensation Commission which affected its interest and by which it was aggrieved.

By enactment of ch. 551, Acts of 1974, the Legislature further amended Code Article 101, Section 56 (a) by adding the following language to the end of the second sentence in that section: "and no award shall be made against such fund by the Commission or by any court unless the fund is a party to the proceeding and is represented by counsel."

In the same session, the Legislature amended Code Article 101, Section 66 (5) by adding the following language to the last sentence of the section:

> The Fund may be impleaded at any stage of the proceedings, either before the Commission, or on appeal; but if impleaded on appeal from the decision of the Commission, or on further appeal to the Court of Special Appeals, the Court shall suspend further proceedings and remand the case to the Commission for further proceedings in order to afford the Fund an opportunity to defend the claim.

When, as we have previously noted, the appellant in this case moved to implead the Subsequent Injury Fund and to remand the case to the Workmen's Compensation Commission, the trial judge acted correctly in issuing an order suspending any further action in the Circuit Court and remanding the case to the Commission for further proceedings. Issues were framed by the parties and the case was again heard before the Commission. One of the seven issues raised by the Fund was "what permanent impairment, if any, due to previous accident or disease, or congenital condition did the employee have prior to his alleged injury? " The Commission concluded that the claimant did not have a pre-existing condition which was disabling on May 30, 1974 (the date of the injury arising out of his employment with Celanese Fibers), and for that reason the Fund was not a proper party in the case. The Commission order dated July 25, 1977 embodied that conclusion, and also reaffirmed the original orders of January 7, 1976 and July 16, 1976.

Claimant thereupon entered an appeal to the Circuit Court for Allegany County from the order of July 25, 1977 and filed a petition citing the grounds for the appeal and raising nine issues to be determined. Those issues covered the entire spectrum of the controversy between Celanese Fibers and the claimant, and the controversy between the claimant and the Subsequent Injury Fund. Celanese and the Fund filed answers to the appeal petition which admitted certain allegations of the claimant and denied others. This appeal

was, we believe, erroneously docketed as an entirely new proceeding and assigned a new number, Case No. 13427 Law.

Both cases were called for trial on January 10, 1978, and at that time it was discovered that there were two issues to be determined before the trial court could proceed with a trial on the merits. In the original case, No. 13011 Law, the appellee contended that although the appellant had indicated his desire to have the case tried before a jury, he had failed to make the required election in the form prescribed by Maryland Rule 343 (a). Appellee, in its answer to the claimant's original appeal petition in No. 13011, denied that the claimant was entitled to a jury trial. Appellee conceded that in the second petition for appeal a jury trial had been prayed in accordance with the provisions of Rule 343 (a).

The second issue required to be determined was whether the appellant was entitled to have all issues in the case determined in one trial. In chambers, discussions were held between the court and counsel, and at the end of those discussions the trial judge concluded that the two appeals should be tried separately with the first appeal being heard first and the need for a second trial depending at least initially on the decision rendered in the first trial. He also concluded that the first appeal was to be tried non-jury because of the failure of the claimant to comply with Rule 343 (b), but that the second appeal, if required to be heard, would be a jury trial because the claimant had complied with the provisions of the jury election rule in that appeal. It is from these judicial determinations that this appeal was filed.[1]

Appellant raises two issues on appeal:

(1) Was the trial court correct in ordering the case to be tried in two parts?

(2) Was the trial court correct in denying the claimant's right to a jury trial?

---

1. The court's decision as to the claimant's right to a jury trial is appealable because that right is a constitutional one and an appeal lies from any order which decides an absolute constitutional right. Condon v. Gore, 89 Md. 230 (1899). The order directing the trial to be tried in two parts is not ordinarily an appealable order, but since the cause must be remanded we shall consider the issue as guidance for the courts and the litigants.

Appellee has propounded three additional issues, but we believe the answers to the two issues raised by the appellant will be dispositive of this case.

The confusion in this controversy arose out of the filing by the appellant of a second appeal after the case had been remanded by the Circuit Court and reheard by the Workmen's Compensation Commission. The Clerk of the Circuit Court was equally in error in docketing the case as a new proceeding and assigning it a new civil number. We point out that Code Article 101, Section 66 (5) explicitly provides that when the Subsequent Injury Fund is impleaded while the case is on appeal from a decision of the Commission either in the Circuit Court or the Court of Special Appeals, that "the Court shall *suspend* further proceedings before it and *remand* the case to the Commission for further proceedings." (Emphasis supplied.)

Black's Law Dictionary 1457 (4th ed. 1951) defines remand as the sending of the cause back to the same court out of which it came, for the purpose of having some action on it there.

When the original appeal was remanded by the Circuit Court this step meant that the trial judge was returning the matter to the administrative body for further action in accordance with the applicable law. The remand did not dismiss or terminate the original administrative proceedings nor did the Circuit Court dismiss the appeal pending before it. The further proceedings were not new proceedings, but one stage in a single process. *NLRB v. Donnelly Garment Co.,* 330 U. S. 219, 91 L. Ed. 854, 67 S. Ct. 756 (1947); *Ford Motor Co. v. NLRB,* 305 U. S. 364, 83 L. Ed. 221, 59 S. Ct. 301 (1939); 2 Am.Jur.2d, *Administrative Law,* Sec. 766 (1963); 73 C.J.S., *Public Administrative Bodies and Procedure,* Sec. 241 (1951).

After the third hearing before the Commission and the issuance of its order, any aggrieved party was entitled to file its notice of appeal from the order in the original appeal case, as the original appeal case was still open and pending in the Circuit Court. All of the issues between the various parties would then have been before the court for determination.

Appellant complains that the trial court erred in ordering that the two cases pending in the Circuit Court be tried separately. Our holding in this case will require that the two cases be consolidated, since we conclude that there is only one appeal pending. The trial court, however, under Rule 501 (a) has wide discretion in furtherance of convenience, or to avoid prejudice, in that it may order a separate trial for any claim, cross claim, counterclaim or third party claim, or for any separate issue. In the absence of an abuse of that discretion, there is no review of the act of the trial judge. See *Greenstein v. Meister,* 279 Md. 275, 368 A. 2d 451 (1977); *Martin v. City of Annapolis,* 240 Md. 579, 214 A. 2d 800 (1965); *Hughes v. Averza,* 223 Md. 12, 161 A. 2d 671 (1960).

The sole remaining issue is whether the appellant is entitled to a jury trial as against either the employer-insurer or, in the event of a bifurcated trial, in the claim against the Subsequent Injury Fund. We conclude that the appellant is not entitled to a jury trial as to any of the parties.

In the recent case of *Impala Platinum Limited v. Impala Sales (U.S.A.), Inc.,* 283 Md. 296, 389 A. 2d 887 (1978), Judge Orth of the Court of Appeals discussed the history of Rule 343, which governs the election of a jury trial. That case was concerned with the problem of timely election of a jury trial. Here we are concerned with Rule 343 (a), which provides that:

> An action at law shall be tried before the court without a jury unless an election be made, in person or by attorney, for a jury as hereinafter provided. Such election shall be in writing separate and distinct from the body of the pleadings but may be included at the end of any pleading with an appropriate heading, and, where a certificate of service is required, immediately preceding same.

Appellant concedes that his prayer for a jury trial in the original appeal from the order of the Workmen's Compensation Commission which was docketed in Case No. 13011 Law and which involved the employer-insurer was not in proper form. Appellees concede that the prayer for a jury trial in the second appeal, docketed as Case No. 13427, was

in the form required by Rule 343 (b). Appellant contends he is entitled to a jury trial as to all defendants, but, at the very least, urges that he is entitled to a jury trial as against the Subsequent Injury Fund. We do not agree.

Rule 343 (e) provides that in an appeal from the Workmen's Compensation Commission or other administrative body where a party is entitled to a trial by jury, the election shall be made by either party within 15 days after the appeal has been filed in the trial court. Considering the two sections together, it is obvious the election for a jury trial must be made within the time limit specified by Rule 343 (d) and in the form prescribed by Rule 343 (b).

The failure of the appellant to comply with the rule originally amounted to a waiver of his right to a jury trial. *Duignan v. United States,* 274 U. S. 195, 198, 47 S. Ct. 566, 71 L. Ed. 996 (1927); *Bringe v. Collins,* 274 Md. 338, 335 A. 2d 670 (1975); *Houston v. Lloyds,* 241 Md. 10, 14, 215 A. 2d 192 (1965). The impleading of the Subsequent Injury Fund and the attempt to create a second appeal did not cure the waiver. This controversy involves one claim of a compensable injury against one employer-insurer. The fact that the amount that might be recovered by the employee could have been affected by the impleading of the Subsequent Injury Fund did not change the unitary nature of the proceedings. We conclude that the claimant is not entitled to a jury trial as against either of the appellees in this case.

> *Remanded to trial court for further proceedings consistent with this opinion.*
> *Costs to be divided between appellant and appellees.*