Edward WOODUS *v.* DIRECTOR OF LABOR

E 81-55                                    648 S.W.2d 528

Court of Appeals of Arkansas
Opinion delivered April 13, 1983

*Ben Johnson, Jr.,* for appellant.

*Bruce Bokony,* for appellee.

MELVIN MAYFIELD, Chief Judge. On September 30, 1981, this matter was before us in an employee's appeal from a decision of the Arkansas Board of Review. The last paragraph of our opinion issued on that date stated:

> Applying the above cases to the case at bar, we believe that this matter should be reversed and remanded to the board of review for a new hearing with opportunity for a full development of the issue of racial discrimination. After the hearing the board of review shall make new findings of fact and conclusions, including those relating to the issue of discrimination, which shall be filed, together with a certified transcript of any additional record, with the clerk of this court.

*Woodus v. Director of Labor,* 3 Ark. App. 1, 621 S.W.2d 869 (1981).

Pursuant to that opinion a hearing was held for the board by an appeals referee and the board found from the evidence presented that the employee's discharge was not a

result of racial discrimination. A copy of that decision was mailed to the employee on July 21, 1981, and under Ark. Stat. Ann. § 81-1107 (d) (7) (Supp. 1981), a party has 15 days from the date the decision is mailed to file a petition for review in the Court of Appeals. No petition was filed within 15 days, but on August 18, 1982, a Belated Petition for Review was filed accompanied by a motion for leave to file the belated petition.

The motion alleged that the employee's attorney was not given notice of the board's decision and that a judicial review was requested "in the interest of justice." The Director of Labor has filed a response to the motion asking that it be denied, alleging that the mailing of the decision to the employee, rather than to his counsel, is in keeping with § 81-1107 (d) (7), *supra,* and that it is jurisdictional that the right to appeal be exercised within the statutory time.

First, we do not think that § 81-1107 (d) (7) justifies the failure to mail the employee's attorney a copy of the board's decision. All that section does in that regard is to fix the time to appeal at 15 days from the mailing of the decision to the parties. In view of the fact that the attorney represented the employee in the first appeal and also in the evidentiary hearing on remand, it can hardly be said that the board was not aware that he was in the case. It is certainly reasonable to assume that the employee would expect his attorney to see that a notice of appeal was filed. We think the board should have given the attorney notice of its decision. Since our docket reflects that the transcript of evidence taken on remand was filed on August 4, 1982, we find no unreasonable delay in the filing of the Belated Petition for Review on August 18, 1982.

Secondly, we do not think the filing of a petition for review within 15 days of the board's decision was jurisdictional under the facts in this case. This matter was properly appealed to this court from the board's first decision. Our remand for a full development of the issue of racial discrimination did not deprive us of jurisdiction.

In *Connor* v. *Celanese Fibers Co.,* 392 A.2d 116 (Md. Ct. Spec. App. 1978), the court said:

When the original appeal was remanded by the Circuit Court this step meant that the trial judge was returning the matter to the administrative body for further action in accordance with the applicable law. The remand did not dismiss or terminate the original administrative proceedings nor did the Circuit Court dismiss the appeal pending before it. The further proceedings were not new proceedings but one stage in a single process. *NLRB* v. *Donnelly Garment Co.,* 330 U.S. 219, 67 S. Ct. 756, 91 L. Ed. 854 (1947); *Ford Motor Co.* v. *NLRB,* 305 U.S. 364, 59 S. Ct. 301, 83 L. Ed. 221 (1939); 2 Am. Jur. 2d, *Administrative Law,* Sec. 766 (1963); 73 C.J.S *Public Administrative Bodies and Procedure,* § 241 (1951).

And in *State* v. *Boone Circuit Court,* 139 N.E.2d 552 (Ind. 1957), the court said:

It is further argued that a failure of the commission to report its action to the trial court causes the court to lose jurisdiction of the proceedings after a reference back to the commission as provided by statute. Whether or not the Public Service Commission reports, or fails to report, its action after a reference back, cannot confer nor deprive the court of its jurisdiction properly acquired in the first instance.

It was, of course, necessary for the employee to file a petition for review in this case — not because it was jurisdictional, but because we would have no reason to review the finding made by the board on remand unless a review is requested. Therefore, under the circumstances of this case, we grant the motion to file the belated petition for review. Our action, however, should not be taken as a failure to recognize that the timely filing of an appeal is jurisdictional or as an assumption of authority to grant an extension of time in which to file an appeal. *See Burris* v. *Burris,* 278 Ark. 106, 643 S.W.2d 570 (1982); *Wooten* v. *Daniels,* 271 Ark. 131, 607 S.W.2d 96 (Ark. App. 1980).

Motion granted.