484 A.2d 296

**EASTERN STAINLESS STEEL, et al**

**v.**

**George E. NICHOLSON.**

**No. 154, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Dec. 5, 1984.

**660**

Philip T. McCusker, Baltimore, for appellants.

Myles R. Eisenstein, Baltimore, (Michael C. Eisenstein, Baltimore, on the brief), for appellee.

Argued before ADKINS and BELL, ROSALYN B., JJ., and ROBERT L. KARWACKI, Associate Judge of the Eighth Judicial Circuit (now Associate Judge of the Court of Special Appeals), Specially Assigned.

BELL, Judge.

If on appeal from a decision of the Workmen's Compensation Commission the Subsequent Injury Fund is impleaded, the court shall suspend further proceedings and remand the case to the Commission. This completes the matter before that court and the case shall return to the body from which it came to allow the Fund to defend. The decision of the Commission on remand becomes the final decision from

which all further appeals must be taken. Failure to recognize this resulted in a morass of troubles for these litigants.

We need first to look at how these parties arrived at their present posture.

George E. Nicholson (Claimant, Appellee) worked for Eastern Stainless Steel (who with Travelers Insurance Company are designated Employer/Insurer, Appellants) as an inspector. On June 9, 1977, while at work, Nicholson was injured when the soles of both feet became blistered as a result of standing on a hot steel plate. The blisters quickly became infected and Nicholson started to lose time from work. Prior to this incident, Nicholson had been diagnosed as having diabetes mellitus. As a result of the infection, he sustained renal failure and loss of vision which kept him from returning to work. Nicholson ultimately filed a claim with the Workmen's Compensation Commission.

At the hearing before the Commission, Employer/Insurer contested the claim based on the issue of accidental injury. The Commission, however, on February 3, 1978, awarded compensation to Claimant for his injuries. Dissatisfied with this result, Employer/Insurer filed an appeal to the Circuit Court for Baltimore County ("Case 1").

Before the appeal progressed further, Employer/Insurer moved to implead the Subsequent Injury Fund (Fund) pursuant to Md.Code Ann., Art. 101, § 66(5) (1957, 1979 Repl. Vol., 1984 Cum.Supp.). The Fund was an interested party because Art. 101, § 66 provides that where a preexisting condition (here, diabetes mellitus) contributed to the permanent injury suffered, the Fund may be liable for a portion of the amount awarded. The court granted the motion, suspended the appeal and remanded the case to the Commission.

The Employer/Insurer and Claimant participated along with the Fund in a hearing before the Commission. The Commission again found on October 28, 1981, that Claimant sustained an accidental injury arising out of and in the

course of his employment and that the disability was the result of that injury.

The Fund filed an appeal in the Circuit Court for Baltimore County ("Case 2"), which was docketed separately from "Case 1" and was entitled "Subsequent Injury Fund v. George E. Nicholson, Claimant, Eastern Stainless Steel, Employer and Travelers Insurance Co., Insurer." The Fund alleged that the Commission erred in not allowing it to call witnesses and in finding that Claimant sustained accidental injury. Employer/Insurer filed an answer in which they did not except to "the language of" any of these allegations. Claimant denied all of the contentions of the Fund.

No further action appears to have been taken in either case from December 9, 1981, until May 4, 1983, when all parties in "Case 2" were sent notice in accordance with Md.Rule 530[1] of a contemplated dismissal for want of prosecution. On May 12, 1983, the Fund moved to suspend operation of Rule 530 in "Case 2." Employer/Insurer took no action. Claimant opposed the suspension. The court denied the motion on June 6, 1983, and dismissed that appeal. Employer/Insurer on June 30, 1983, filed a motion to reinstate "Case 1", the initial appeal. No certificate of service was appended. The same judge who had dismissed "Case 2" signed an order reinstating "Case 1." Later that very day he rescinded the order, noting "the case was not under Rule 530 notice." On July 8, 1983, the judge notified counsel for Employer/Insurer that "there obviously was a misunderstanding in this case ["Case 1"] and I think all you need do is ask the Assignment Office to set the case for trial."

---

1. Rule 530c provides that "an action is subject to dismissal at the expiration of one year from the last docket entry other than an entry made under this Rule" with certain exceptions not pertinent here. Rule 530c is substantively unchanged by revised Rule 2–507 which took effect July 1, 1984.

On July 15, 1983, in "Case 1," Claimant filed a motion for summary judgment asserting that there was no dispute as to a material fact and that the issues were rendered moot by the dismissal of the Fund's appeal in "Case 2." Employer/Insurer answered and after a hearing the court granted summary judgment which dismissed the appeal in "Case 1." This determination constitutes the basis for Employer/Insurer seeking review in this Court.

## THE REMAND

Appellants contend that the dismissal of "Case 2" did not affect "Case 1." Rather, there were two separate appeals with different parties, and Claimant should have moved to consolidate them if he so desired.

On the other hand, appellee asserts that only one case was involved and relies on *Connor v. Celanese Fibers Co.,* 40 Md.App. 452, 392 A.2d 116 (1978), for support. Further, while there should have been a consolidation of the two cases, there was only one appeal pending. Hence, because the appeal by the Fund was dismissed, the issue concerning accidental injury is now moot.

Appellants and appellee focus their attention on the dismissal of "Case 2" under Md.Rule 530 and whether that affected "Case 1." We find that focus disregards what had already transpired. We will consider first the remand which occurred in "Case 1." That remand followed the initial appeal filed by Employer/Insurer, who thereafter sought to implead the Fund pursuant to Art. 101 § 66(5), which provides:

"The fund may be impleaded at any stage of the proceedings, either before the Commission, or on appeal; but if impleaded on appeal from the decision of the Commission or on further appeal to the Court of Special Appeals, the Court shall suspend further proceedings and remand the case to the Commission for further proceedings in order to afford the fund an opportunity to defend the claim."

## THE REMAND AS A FINAL ORDER

■ A remand is defined as "[t]he sending . . . of the cause back to the same court out of which it came, for purpose of having some further action taken on it there." *Black's Law Dictionary*, 1162 (rev. 5th ed. 1979). Under Md.Cts. & Jud.Proc.Code Ann. §§ 12–301 and 12–302, as interpreted in *Department of Public Safety v. LeVan*, 288 Md. 533, 419 A.2d 1052, 1057 (1980) and reinforced in *Schultz v. Pritts*, 291 Md. 1, 432 A.2d 1319 (1981), remands to administrative agencies are final and appealable orders.

Md.Cts. & Jud.Proc.Code Ann. § 12–301 (1974, 1984 Repl. Vol.) provides in pertinent part:

"[A] party may appeal from a final judgment entered in a civil . . . case by a circuit court."

Md.Cts. & Jud.Proc.Code Ann. § 12–101(f) defines final judgment as

"a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken."

This Court and the Court of Appeals have often been called upon to interpret these statutes. In *Schultz v. Pritts*, 291 Md. at 5-6, 432 A.2d 1319, the Court of Appeals pointed out that it had "consistently stated that a judgment or order of a court is final when it determines or concludes the rights of parties or when it denies the parties means of further prosecuting or defending their rights and interests in the subject matter of the proceeding."

In *LeVan*, this Court had dismissed the appeal based on Rule 1035a, which provides:

"From *Pro Forma* Orders.

The Court will not entertain or consider an appeal taken from a *pro forma* order or judgment, but will treat every such appeal as prematurely taken and will dismiss the same whenever it appears on the face of the record, or otherwise, that the appeal is from such *pro forma* order or judgment."

The Court of Appeals agreed in *LeVan*, that this Court was prohibited from entertaining *pro forma* orders, judgments or decrees, but in the holding Judge Smith stated:

"We have no pro forma order here. This was a contested case. The parties disagreed and the circuit court judge decided the controversy."

288 Md. at 541, 419 A.2d 1052.

*LeVan* was quickly followed by *Schultz v. Pritts, supra.* In that opinion written by Judge Davidson, the Court of Appeals held that:

"[w]hen a court remands a proceeding to an administrative agency, the matter reverts to the processes of the agency, and there is nothing further for the court to do. Such an order is an appealable final order because it terminates the judicial proceeding and denies the parties means of further prosecuting or defending their rights in the judicial proceeding."

291 Md. at 6, 432 A.2d 1319.

In *Schultz* the circuit court determined that there had been a denial of due process and remanded the matter to an administrative agency. As a result there was nothing further for the court to do.

"Thus, the parties were denied the means of further prosecuting or defending their rights and interests in the judicial proceeding. The Circuit Court's order was an appealable final order."

291 Md. at 6, 432 A.2d 1319.

In the case sub judice when the Fund was impleaded, the court suspended further proceedings and remanded the case "to the Commission for further proceedings in order to afford the fund an opportunity to defend the claim."

*LeVan, supra,* and its progeny cannot be distinguished from the instant case on the ground that here the order of remand was "pro forma" requiring the circuit court to remand and suspend. The distinction is unwarranted because *pro forma* connotes something done strictly for the sake of form. The determining factors are whether the

case reverted to the agency and nothing was left for the circuit court to do, not whether there was a controversy determined or discretion involved. As in *Schultz*, this case was returned to the agency and there was nothing further for the court to do. The remand of "Case 1" to the Commission was a final appealable order.

## THE COMMISSION'S DECISION

■ For reasons we will state, we hold that the first order appealed from by Employer/Insurer had no effect after remand of the case to the Workmen's Compensation Commission. A new appeal, therefore, should have been noted from the subsequent decision by the Commission.

■ A party becomes entitled to judicial review of an order of the Commission which grants or denies a benefit under the workmen's compensation law. *Maryland Commission on Human Relations v. Baltimore Gas and Electric Co.*, 296 Md. 46, 54, 459 A.2d 205, 210 (1983), quoting *Flying "A" Service Station v. Jordan*, 17 Md.App. 477, 480–81, 302 A.2d 650, 653 (1973). Although the order from which Employer/Insurer first appealed met this standard of finality, the remand rendered it incomplete. Pursuant to the statute, the impleader of the Fund on appeal required suspension of further proceedings. Md.Code Ann., Art. 101 § 66(5). On remand, the Commission necessarily had to decide the same issue as it did the first time in order to "afford the fund an opportunity to defend the claim." *Id.*

Although the Fund did not fare any better than Employer/Insurer in its defense of the issue, the Commission's decision superseded its first holding for two reasons. First, the issue of accidental injury was reconsidered. The Commission could take into account any additional evidence adduced by the impleaded party, the Fund. Second, Employer/Insurer participated with the Fund in the second hearing. The Commission decided the identical issue concerning all those who would share responsibility for paying the award to Claimant. The parties' joint participation and

shared interest in the second hearing indicates the Commission considered all available evidence and made a final decision from which both parties could appeal, but Employer/Insurer did not.

## POST DISMISSAL

■ Employer/Insurer moved to reinstate "Case 1." This began the post-dismissal activities. The motion to reinstate bears a date stamp of June 30, 1983. We observe that there is no certificate, admission or waiver of service appended to the motion, and we do not know the circumstances under which it was accepted by the clerk. Rather, we call attention to Rule 306 a 2 which provides that the clerk shall not file any pleading requiring service unless there is an indication of compliance with the rule.[2] We also call attention to Rule 306 a 1 which mandates service upon the parties or counsel [3].

On the same day the reinstatement motion was filed, the court granted the motion. This occurred without regard to Rule 308 [4] which, with certain exceptions not here pertinent, allows 15 days for opposing counsel to respond. Later that day, the court rescinded the reinstatement penning "Above order rescinded as improperly entered. This case was not under Rule 530 notice." Appellant's brief indicates that this was done as a result of a visit to the judge by the attorney for the Claimant. The details of this conversation, if there was one, are unknown to us, but at oral argument counsel for the Claimant did concede that he visited the judge on that day and presented to him the two files which indicated the existence of two cases. Not to be outdone, counsel for the Employer/Insurer wrote to the court. That

---

**2.** Rule 1–323 effective July 1, 1984 continues that prohibition.

**3.** Rule 1–321(a) effective July 1, 1984, does not materially alter this practice.

**4.** Rule 2–311(b), effective July 1, 1984, continues this time allowance.

letter triggered a response from the court stating, "There obviously was a misunderstanding in this case and I think all you need do is ask the Assignment Office to set the case for trial." This correspondence made its way to the file much later as an exhibit in opposition to a motion to correct the record.

That the Rules are "precise rubrics" is an oft quoted phrase. Sometimes the reasons for complying with them become lost in the complexity of their dictates. Seldom is the reason for rigid adherence more apparent than in the present case. Canon 7 of the Code of Professional Responsibility, as explicated in Ethical Consideration 7–35 and Disciplinary Rule 7–110, prohibits *ex parte* communications on the part of lawyers with a judge[5]. Section XVI of Md.Rule 1231 applies a concomitant burden on judges. There are some exceptions which may apply here, but we do not know for certain because we do not have a certified record of precisely what occurred. As a result there is an appearance of impropriety. Had the contacts been on the record and the Rules observed as the "precise rubrics" they are, there might well have been a clear indication of propriety. We are not presented an unclouded view, however.

The court apparently was under belief that "Case 1" was still alive. Counsel shared that view. In any event, the error is of no consequence, because "Case 1" had long since expired. The error merely delayed the realization.

These later events in no way alter our holding that the appeal in "Case 1" filed by Employer/Insurer was no longer viable.

## CONNOR

■ Appellants and appellee have both dwelt extensively on *Connor v. Celanese, supra.* Appellants seek to distin-

---

**5.** Md.Rule 1230, Appendix F.

guish this case from *Connor* and appellee relies on it. We said at 40 Md.App. page 458, 392 A.2d 116:

"When the original appeal was remanded by the Circuit Court this step meant that the trial judge was returning the matter to the administrative body for further action in accordance with the applicable law. The remand did not dismiss or terminate the original administrative proceedings nor did the Circuit Court dismiss the appeal pending before it. The further proceedings were not new proceedings, but one stage in a single process.

After the third hearing before the Commission and the issuance of its order, any aggrieved party was entitled to file its notice of appeal from the order in the original appeal case, as the original appeal case was still open and pending in the Circuit Court. All of the issues between the various parties would then have been before the court for determination." (Citations omitted.)

*Connor* was decided in 1978, *LeVan* in 1980 and *Schultz* in 1981. *LeVan* and *Schultz* overruled the prior holdings of the Court of Appeals in *Hayden v. Walker*, 208 Md. 114, 117 A.2d 109 (1955) and *United States Fire Insurance Co. v. Schwartz*, 280 Md. 518, 374 A.2d 896 (1977). Both the earlier cases held that a circuit court's order remanding a proceeding to an administrative agency was not an appealable final order.

Had we decided *Connor* in the light of *LeVan* and *Schultz*, we would have held that the original appeal to the circuit court was concluded with the remand. In accordance with that conclusion, we overrule *Connor v. Celanese*, *supra*. We affirm the trial court which dismissed this case, not on the ground that the case was moot because of the dismissal of "Case 2" under Rule 530, but on the ground that Employer/Insurer failed to appeal from the final order of the Commission.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANTS.