510 A.2d 248

**EASTERN STAINLESS STEEL et al.**

v.

**George E. NICHOLSON.**

**No. 33, Sept. Term, 1985.**

Court of Appeals of Maryland.

June 26, 1986.

Motion for Reconsideration Denied Aug. 21, 1986.

Philip T. McCusker, Baltimore, for appellant.

Myles R. Eisenstein (Michael C. Eisenstein, on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

COLE, Judge.

At the circuit court appeal stage of workmen's compensation proceedings, an employer and its insurer impleaded the Subsequent Injury Fund ("the Fund"—see Maryland Code (1957, 1985 Repl.Vol.), Art. 101, § 66). Pursuant to Art. 101, § 66(5), the circuit court then remanded the case to the Workmen's Compensation Commission ("the Commission") in order to afford the Fund an opportunity to defend the claim. Following an award in favor of the employee, the Fund appealed to the circuit court (which appeal named the employee, the employer and its insurers as defendants), and

the clerk of the court entered the Fund's appeal as a new case on the circuit court's docket. Approximately two years later, the Fund's appeal was dismissed for lack of prosecution under former Maryland Rule 530 (now Rule 2–507). The question we must resolve here is whether the circuit court which heard the employer/insurer's initial appeal retains jurisdiction over the case it remanded, so that the employer and the insurer may maintain their initial appeal despite the dismissal of the Fund's appeal.

In order to place the issue in its proper focus, we shall set forth the facts with more particularity. George Edward Nicholson, employed as an inspector by Eastern Stainless Steel ("the employer"), sustained an injury while at work on June 9, 1977, when the soles of his feet blistered as the result of standing on a hot metal plate. The injury apparently aggravated an existing health problem of Nicholson's (diabetes mellitus), and as a result of the injury and secondary infection, Nicholson suffered several more severe health problems. He has been unable to work since shortly after the injury.

Nicholson filed a claim with the Commission, and on October 18, 1977, a hearing was held, during which the employer contested Nicholson's claim on the issue of accidental injury. On February 3, 1978, the Commissioner issued an award of compensation to Nicholson. Thereafter, the employer and the insurer appealed the award to the Circuit Court for Baltimore County, and the case was entered as No. 97634 on the circuit court's docket. On June 4, 1979, Judge John E. Raine, Jr., granted the employer's and the insurer's motion to implead the Subsequent Injury Fund, and the circuit court entered an order suspending further proceedings and remanding the case to the Commission for further proceedings (pursuant to Art. 101, § 66(5)).[1]

---

1.  Section 66(5) provides in full:
    (5) *Representation of fund before Commission; employment of experts; findings required in awards; prior awards to be considered; appeals; impleading fund.*—In any case which shall

On August 21, 1981, a second hearing was held before the Commission, in which both the Fund and the employer/insurer participated. Again, the Commission confirmed that Nicholson did sustain an accidental injury in the course of employment, and it awarded compensation to Nicholson. From this award, the Fund appealed.

In its appeal to the circuit court, the Fund named both Nicholson and the employer/insurer as defendants. Although the Fund's appeal was filed with docket No. 97634 on its caption, the clerk of the circuit court created a new file for the Fund's appeal—entered as case No. 108484. The employer/insurer filed an answer in the case, which answer contained the original case number, 97634.

---

come before the Workmen's Compensation Commission involving payments from the fund, it shall request the Attorney General to furnish a member of his staff to represent the fund in hearings before it. In a case in which the fund is impleaded and subject to the approval of the Subsequent Injury Fund Board, the representative of the fund may hire any experts necessary to properly defend the action. Expenses incurred shall be paid from the Subsequent Injury Fund·as directed by the Board. In any award it shall make from the fund, the Commission shall specifically find the amount the injured employee shall be paid weekly, the number of weeks' compensation to be paid, the date upon which payments from the fund shall begin, and, if possible, the length of time such payments shall continue. In making any award from the fund for a subsequent injury, the Commission shall consider any prior award made by the Commission, or by a similar commission in any other state or in the District of Columbia, in determining the amount to be awarded for such subsequent injury. In the event of any award against the Subsequent Injury Fund, there shall be a right of appeal by the Subsequent Injury Fund, as provided in § 56(a) of this article. In any case involving payment from the fund, the Commission, or any party in interest, shall notify the State Treasurer and/or the attorney or the attorneys for the fund, in writing, that the fund is, or may be involved in such case, and implead the fund, in writing, as a party. The fund may be impleaded at any stage of the proceedings, either before the Commission, or on appeal; but if impleaded on appeal from the decision of the Commission or on further appeal to the Court of Special Appeals, the Court shall suspend further proceedings and remand the case to the Commission for further proceedings in order to afford the fund an opportunity to defend the claim.

On May 4, 1983, some 18 months after the appeal had been filed, notice was given to all parties in case No. 108484 of a contemplated dismissal of the case pursuant to former Maryland Rule 530. On May 12, 1983, the Fund filed a motion to suspend the operation of Rule 530, which motion was denied by Judge Raine, thereby dismissing case No. 108484. Soon thereafter, the employer and the insurer filed a motion to reinstate case No. 97634 on the trial docket. Judge Raine signed an order reinstating the case, but later that day he rescinded his order as improperly entered. On July 15, 1983, Nicholson filed a motion to dismiss case No. 97634, and this motion was granted.

The employer and insurer appealed to the Court of Special Appeals, which in *Eastern Stainless Steel v. Nicholson,* 60 Md.App. 659, 484 A.2d 296 (1984) affirmed the circuit court's dismissal of the case. We granted the employer/insurer's petition for certiorari to resolve the novel issue presented.

Appellants' argument is deceptively straightforward. Appellants assert that Art. 101, § 66(5), which provides for a remand of the case to the Commission when the Subsequent Injury Fund is impleaded at the circuit court stage, also provides that the circuit court shall "suspend further proceedings." The word "suspend" argue appellants, means to "put on hold" or to stop temporarily. Thus, appellants posit that because the proceedings before the circuit court are only suspended, the circuit court retains jurisdiction over the case while it has been remanded to the Commission for further proceedings. Consequently, appellants assert, they may still maintain their initial appeal in circuit court.

Appellee counters that the order of Judge Raine sending the case back to the Commission was a remand, and a remand by the circuit court is a final judgment. Thus, the circuit court no longer had jurisdiction over the matter following the remand. Furthermore, appellee argues, appellants' proposed construction of Art. 101, § 66(5) is incon-

sistent with the purpose of the Workmen's Compensation Act and thus should not be followed:

In *State v. Berry,* 287 Md. 491, 495–96, 413 A.2d 557, 560 (1980), we recounted the principles upon which we rely in construing our legislature's statutes.

As we have stated many times, the cardinal rule of statutory construction is to ascertain and carry out the actual intention of the legislature. *Board v. Stephans,* 286 Md. 384, 408 A.2d 1017 (1979); *Harbor Island Marina v. Calvert Co.,* 286 Md. 303, 407 A.2d 738 (1979); *S.A.S. Personnel Consult v. Pat-Pan,* 286 Md. 335, 407 A.2d 1139 (1979); *Unnamed Physician v. Comm'n.,* 285 Md. 1, 400 A.2d 396 (1979). The statutory language itself provides the clearest indication of the legislative intent and is thus the primary source for all statutory construction. *Board v. Stephans, supra; Harbor Island Marina v. Calvert Co., supra.* We also adhere to the principle that the court should confine itself to construing the statute according to the ordinary and natural signification of the words used without resorting to subtle or forced interpretations designed to limit or extend the operations of the statute. *Harbor Island Marina v. Calvert Co., supra; Mauzy v. Hornbeck,* 285 Md. 84, 400 A.2d 1091 (1979); *Massage Parlors, Inc. v. City of Balto.,* 284 Md. 490, 398 A.2d 52 (1979). When the words used convey a clear and plain meaning, there is no need to look beyond the statute to ascertain the legislative intent. *Collier v. Connolley,* 285 Md. 123, 400 A.2d 1107 (1979); *Mauzy v. Hornbeck, supra,* 285 Md. at 93, 400 A.2d 1091; *Massage Parlors, Inc. v. City of Balto., supra,* 284 Md. at 494–95. Stated differently, when the statute is free from ambiguity, the court may not disregard the natural impact of the words so as to make the statute express an intention which is different from its plain meaning.

In applying these precepts to the case sub judice, we decline to accept appellants' interpretation of Art. 101, § 66(5). Article 101, § 66(5) provides, in relevant part, that:

> The fund *may be impleaded at any stage of the proceed-ings, either before the Commission, or on appeal;* but if impleaded on appeal from the decision of the Commission or on further appeal to the Court of Special Appeals, the Court *shall suspend further proceedings and remand the case to the Commission for further proceedings* in order to afford the fund an opportunity to defend the claim. [Emphasis supplied.]

We agree with appellant that the word "suspend" in § 66(5) means to stop temporarily. The statute makes clear, then, that "further proceedings" must stop temporarily. What stops temporarily, must necessarily resume again in the future. We disagree with appellant, however, that what the legislature intended to *resume* are the proceedings before the circuit court. As we see it, when the phrase "suspend further proceedings" is read in context, it be-comes clear that the legislature only means to say that the circuit court *stops the entire workmen's compensation proceedings, and remands* the cause to the Commission where *the proceedings resume before the Commission.*

An examination of the excerpt from Art. 101, § 66(5) shows that the word "proceedings" is used in this section to mean the entire workmen's compensation action—from the initial hearing before the Commission to the appeals before the circuit court and the Court of Special Appeals. The language of the statute plainly shows that "the proceed-ings" has two basic stages: (1) before the Commission and (2) on appeal.

> With this in mind we examine the disputed language: The court shall suspend further proceedings and remand the case to the Commission for further proceedings....

It is the "further proceedings" which are suspended at the appellate stage and then the "further proceedings" are resumed at the Commission stage. As we said above, the word "suspend" implies further action. *Black's Law Dic-tionary* (5th ed. 1979) defines "remand" as "the sending ... of the cause back to the same court out of which it

came, *for purpose of having some further action taken on it there.*" (Emphasis supplied.) Thus, the further action contemplated by the use of the word "suspend" in § 66(5) is the action before the Commission.

■ Stated differently, we do not see that the word "suspend" in this provision implies that the jurisdiction of the circuit court in the original appeal will continue. Section 66(5) allows the Subsequent Injury Fund to be impleaded at any stage of the proceedings, and if impleaded at the appeals level, it mandates that the appellate body remand the case to the Commission. Section 66(5) does not, however, prescribe some unique procedure whereby the circuit court retains jurisdiction of a case following a remand out of the court. There is simply no language in § 66(5) which would justify such an interpretation, allowing a cause to remain in "limbo" or in "suspended animation," as appellant argues. If such was the legislature's purpose, it surely would have set forth a procedure for *resuming* the case again before the circuit court. No such procedure exists.

Indeed, the only procedure prescribed by the Act for a party to proceed from the Commission to the circuit court is found in § 56(a), which states, in part:

> Any employer, employee, beneficiary or person feeling aggrieved by *any* decision of the Commission affecting his interests under this article, may have the same reviewed by a proceeding in the nature of an appeal and *initiated* in the circuit court of the county having jurisdiction over the place where the accident occurred or over the person appealing from such decision, and the court shall determine whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the article, and whether it has misconstrued the law and the facts applicable in the case decided. For the purposes of this section the word "person" shall be deemed to include the Subsequent Injury Fund.... [Emphasis supplied].

This provision foresees the notation of an appeal by a party aggrieved by an award. A notation of appeal cannot be made if the appeal is already in progress.

Appellants have shown to us nothing in the history or purpose of § 66(5) which supports their view. The purpose of the remand procedure in § 66(5) is clearly to provide the Fund the opportunity to defend a claim at the Commission stage, even though litigation may have already proceeded to an appeal.[2] There is no furtherance of this purpose to hold that when the appeal court remands the case to the Commission, it nevertheless retains the case before it.

██ We agree with the Court of Special Appeals holding below that (as in any other case which is remanded to an administrative body) when the circuit court remands a case to the Commission pursuant to § 66(5), the circuit court no longer retains jurisdiction because the remand is itself a "final" order. As Judge Davidson wrote in *Schultz v. Pritts*, 291 Md. 1, 6, 432 A.2d 1319, 1322–33 (1981):

a circuit court's order remanding a proceeding to an administrative agency is an appealable final order. [*Dep't. of Pub. Safety & Correctional Servs. v. LeVan*, 288 Md. 533, 542–43, 419 A.2d 1052, 1057 (1980)]; *Criminal Injuries Compensation Bd. v. Remson*, 282 Md. 168, 177, 384 A.2d 58, 64 (1978). *See Allen v. Glenn L. Martin Co.*, 188 Md. 290, 294–95, 52 A.2d 605–07 (1947). When a court remands a proceeding to an administrative

---

**2.** Section 66(5) was enacted in 1974 Md. Laws ch. 551 to "establish[] certain procedures in certain cases involving the Subsequent Injury Fund." *Id.* Along with the enactment of § 66(5), § 56(a) was amended to provide that "no award shall be made against [the] Fund by the Commission or any court unless the Fund is a party to the proceeding and is represented by counsel." These changes were made to implement further the determination made by 1969 Md. Laws ch. 394 that the Subsequent Injury Fund was a "person," pursuant to § 56(a), which could appeal a decision of the Commission. Prior to the enactment of 1969 Md. Laws ch. 394, the Fund was not a "person" which could appeal. *Subsequent Injury Fund v. Pack*, 250 Md. 306, 242 A.2d 506 (1967).

agency, the matter reverts to the processes of the agency, and there is nothing further for the court to do. Such an order is an appealable final order because it terminates the judicial proceeding and denies the parties means of further prosecuting or defending their rights in the judicial proceeding. *Fred W. Allnutt, Inc. [v. Commissioner of Labor & Industry,* 289 Md. 35, 40, 421 A.2d 1360, 1363 (1980).]

Because the circuit court's remand order is a final order, the circuit court cannot retain jurisdiction over the case following remand.

■ We reject appellants' contention that they have somehow been deprived of their chance to fully litigate this matter. As the Court of Special Appeals recognized, when the circuit court remanded the proceedings for the second hearing before the Commission:

the issue of accidental injury was reconsidered. The Commission could take into account any additional evidence adduced by the impleaded party, the Fund. [Furthermore,] Employer/Insurer participated with the Fund in the second hearing. The Commission decided the identical issue concerning all those who would share responsibility for paying the award to claimant. The parties' joint participation and shared interest in the second hearing indicates the Commission considered all available evidence and made a final decision from which both parties could appeal, but Employer/Insurer did not. [60 Md.App. at 667–68, 484 A.2d at 300.]

Thus, the intermediate court concluded that the second decision by the Commission superceded its first decision and that a new appeal should have been noted from the Commission's second decision by the employer/insurer. We agree.

For these reasons, we shall affirm the judgment of the Court of Special Appeals.

JUDGMENT AFFIRMED. APPELLANTS TO PAY THE COSTS.